ORDERED in the Southern District of Florida on May 7, 2007.



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

Chapter 7

In re:

LANCE NEWBY                                          Case No. 06-16964-BKC-AJC

    Debtor.
_____/

**MEMORANDUM OPINION AND ORDER GRANTING MOTION OF
THE STATE OF HAWAII TO TRANSFER VENUE**

THIS CAUSE came before the Court on April 25, 2007, at 10:00 a.m. on the Motion of the State of Hawaii to Transfer Venue (C.P. #33). The Court reviewed the Motion and the Notices of Joinder filed by the State Court Receiver – Guido Giacometti, Vestin Mortgage, Inc., Alternative Debt Portfolios, LP and Alternative Debt Portfolios, LLC. No response has been filed in opposition. The Court has carefully considered the Motion which cites and relies upon 28 U.S.C. §§ 1408 and 1412, and Rule 1014 of the Federal Rules of Bankruptcy Procedure, as well as case law appurtenant thereto, and having heard extensive oral argument in support of the Motion from counsel for the

06-16964-BKC-AJC

State of Hawaii, the Assistant U.S. Trustee, the Chapter 7 Trustee and the joining creditors, as well as argument in opposition from the Debtor's counsel, for the reasons which follow the Motion is GRANTED.

The material facts are not in dispute. Lance Newby (the "Debtor") is not domiciled and does not reside in the State of Florida. The address the Debtor listed on his Schedules is a commercial private mailing address. Further, the Debtor does not have a Florida driver's license, only a Hawaii driver's license. The only contact the Debtor has with the State of Florida is a Bank of America checking account which, according to his Schedules, has a "negative balance;" an ownership interest in a business which is not operating and which the Debtor has scheduled as having no value; and his assertion that he visits his mother, who resides in Melbourne, Florida (which is outside this District) at most four times a year.

By contrast, the Debtor's principal assets are located in Hawaii. His only significant bank account is his checking account with First Hawaiian Bank. At the § 341 meeting, the Debtor testified that his only source of income (i.e., his military pension) is deposited into this checking account. Further, of the three receivables owed to the Debtor, the two largest are located in Hawaii. According to Amended Schedule B, Rightstar Hawaii Holding, LLC owes the Debtor $1,100,000, and Simon Bebb, a resident of Hawaii, owes the Debtor $500,000. Although the Debtor argues that the receivable from Mr. Bebb came due two years ago, intimating that it is not collectible, the Debtor testified at his § 341 meeting that he and Mr. Bebb have been friends for 20

years.

Not only are the Debtor's principal assets located in Hawaii, but the majority of the creditors in both number and dollar amount are also located in Hawaii. Of the 167 creditors having claims of approximately $23,000,000, the majority of the creditors, holding aggregate claims in excess of $22,000,000 are located in Honolulu, Hawaii. Also, the four lawsuits the Debtor listed in his Statement of Financial Affairs are all pending in the Circuit Court of the First Circuit of the State of Hawaii.

Under 28 U.S.C. § 1408, venue is proper here only if the Debtor has at least one of the following in this jurisdiction: domicile, residence, principal place of business, or principal assets, none of which are present in Florida in this case. Since venue is thus improper in this District, the only options for the Court are to transfer or dismiss the case. See In re Columbia Western, 183 B.R. 660, 665 (Bankr. D.Mass. 1995); In re Washington, Perito & Dubuc, 154 B.R. 853, 858 (Bankr. S.D.N.Y. 1993).

The Debtor relies on the case of In re Farmer, 288 B.R. 31 (Bankr. N.D.N.Y. 2002) for the proposition that a $200 bank account can give rise to venue. Although the Court agrees that a bank account may give rise to venue, the Court nonetheless believes that in this instance, the more appropriate forum for this case is in the District of Hawaii. In Farmer, the only assets the debtor had in the United States were located in the Northern District of New York. The debtor had a New York driver's license and a New York voter's registration. The Farmer court held that "[b]ecause the Debtor's principal asset in the United States consists of bank accounts in the Northern District of

New York, the Court concludes that the Debtor's petition was not filed in an improper district." Id. at 34.   Here, unlike the Farmer case, the Debtor's principal assets in the United States are located in Hawaii, not Florida.  The Debtor has presented no compelling legal argument as to why venue is proper in the Southern District of Florida. In Farmer, the court concluded that "the filing of the Debtor's petition in the Northern District of New York is far more convenient to her unsecured creditors. . . ." Id. at 35.  In the case sub judice, this Court concludes that the venue of this bankruptcy case is far more convenient to the creditors in the District of Hawaii.  Therefore, based on the undisputed facts enumerated above, the Court determines that the interest of justice and the convenience of the parties dictate that the case be transferred to Hawaii.

Accordingly, for the foregoing reasons, it is

**ORDERED** as follows:

1. The Motion of the State of Hawaii to Transfer Venue is GRANTED. The Clerk of the Court is directed to transfer the bankruptcy case of In re Lance Newby, Case No. 06-16964-BKC-AJC to the United States Bankruptcy Court for the District of Hawaii;

2. This Order shall become effective twenty (20) days from the date of entry on the docket.

3. The request of Kingcade & Garcia, P.A. and Timothy Kingcade, Esq. to withdraw as counsel of record for the Debtor is granted, and said counsel shall no longer be responsible for representation of the Debtor in this case.

###

06-16964-BKC-AJC

Submitted By:
Francis L. Carter, Esq.
Akerman Senterfitt
One S.E. 3rd Ave., 28thFloor
Miami, FL 33131
Tel: (305) 374-5600
Fax: (305) 374-5095

Francis L. Carter, Esq. is directed to serve copies of this order on the parties listed and file a certificate of service.